**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| EILEEN MULLIN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC,<br><br>*Defendant*. | ) | Civil Action No. 3:24-cv-816 (SLS) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs' Motion for Leave to File Exhibits to Plaintiffs' Reply in Support of Conditional Certification Under Seal (ECF No. 59) and Plaintiffs' Motion for Leave to File Plaintiffs' Original Unredacted Reply Brief in Support of Conditional Certification Under Seal (ECF No. 63) (together, "Motions to Seal"). Although filed by Plaintiffs Eileen Mullin and Sopha Guthrie, Defendant Capital One Services, LLC, as the party who designated the material confidential under the Stipulated Protective Order (ECF No. 37), is the proponent of sealing. The parties have submitted memoranda in support of their respective positions (ECF Nos. 60, 69, 70, 72), and the Court heard oral argument on the Motions to Seal (ECF Nos. 73, 74). Therefore, this matter is ripe for review. The Court exercises jurisdiction under 28 U.S.C. §§ 1331 and 1367 and with the consent of the parties under 28 U.S.C. § 636(c)(1). (ECF Nos. 49, 50, 51.) For the reasons that follow, the Court will GRANT the Motions to Seal.

### I. PROCEDURAL BACKGROUND

In their Amended Complaint, Plaintiffs assert claims against Capital One for unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et*

*seq.*, and the Virginia Overtime Wage Act ("VOWA"), Va. Code. Ann. § 40.1-29.2, on behalf of themselves and all others similarly situated. (ECF No. 20.)

On August 20, 2025, the Court entered a Stipulated Protective Order (ECF No. 37), and the parties began producing documents. Under the terms of the Stipulated Protective Order, both parties were permitted to designate documents as confidential. (ECF No. 37, at 2.) On November 24, 2025, Plaintiffs notified Capital One of their continued objections to certain designations made by Capital One and also communicated their intent to use certain documents marked confidential in forthcoming filings. (ECF Nos. 69, at 6;[1] 70, at 2; 72, at 2.) Accordingly, when Plaintiffs filed their reply brief in support of their motion seeking conditional certification, they filed accompanying Notices of Filing under Seal, the Motions to Seal, and memoranda in support. (ECF Nos. 59, 60, 61, 63, 64, 65.)

In the Motions to Seal, Plaintiffs seek permission to file under seal three exhibits designated by Capital One as confidential. (ECF No. 59, at 1.) The three exhibits are: (1) a Capital One Compensation Policy and Program Standard ("Standard") (ECF No. 62-1); (2) a version of Capital One's FLSA Worksheet Template ("Worksheet") (ECF No. 62-2); and (3) Capital One's Wage and Hour FLSA Review Process Toolkit ("Toolkit") (ECF No 62-3). In addition, Plaintiffs seek leave to file an unredacted version of their reply brief under seal because portions of the brief quote the Standard, Worksheet, or Toolkit. (ECF No. 63, at 1.) Plaintiffs filed a redacted version of their brief. (ECF No. 58.) Plaintiffs do not concede that the exhibits should be designated confidential or submitted under seal, but request sealing pursuant to the Stipulated Protective Order and Local Civil Rule 5. (ECF Nos. 60, at 1-2; 65, at 1-2.)

[1] The Court cites to the pages of the filings as numbered by CM/ECF.

As the designating party and proponent of sealing, Capital One filed a memorandum in support of the Motions to Seal. (ECF No. 69.)[2] Capital One argues that the Motions to Seal should be granted and the material at issue sealed because it contains confidential information. (ECF No. 69, at 2.) Specifically, Capital One contends that these documents reflect Capital One's "corporate compensation and regulatory compliance strategies," the disclosure of which would substantially prejudice it by providing an unfair advantage to competitors, diminishing the value of its proprietary materials, and exposing it to additional litigation. (ECF No. 69, at 2.) In reply, Plaintiffs argue that Capital One has not made a sufficient showing that the material at issue contains proprietary or confidential business information such that sealing would be warranted and that, in any event, less restrictive means than sealing entire documents (like redacting portions of the documents) are available. (ECF Nos. 70, at 11-12, 15; 72, at 11-12, 15.)

## II. LEGAL STANDARD

As a substantive matter, the public's right to access judicial records stems from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).[3] The common law presumes the public's right to access judicial records and documents. *Id*. However, the right is not absolute and can be "rebutted if countervailing interests

[2] The Court notes that Capital One filed this memorandum and the attached exhibits under seal even though Local Civil Rule 5 requires a "non-confidential memorandum" to be filed. E.D. Va. Loc. Civ. R. 5(C). A confidential memorandum may be submitted in addition to the non-confidential memorandum. *See id.* Capital One also asks that the Court file two of the exhibits attached to its sealed memorandum on the public docket, suggesting that those exhibits need not be under seal. The Court will require Capital One to explain its position on this memorandum and whether or not it should be sealed.

[3] The First Amendment standard applies to documents filed in connection with trial or dispositive motions. *See Level 3 Communs., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009). Because these materials accompany a motion for conditional collective certification, the Court will apply the common law standard, the standard referenced by both parties. (ECF Nos. 69, at 6-7 n.8; 70, at 15; 72, at 15.)

heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Thus, "a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" *Malon v. Franklin Fin. Corp.*, No. 3:14-cv-671, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Under this balancing analysis, the party seeking to overcome the presumption bears the "burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253.

As a procedural matter, "motions to file documents under seal are disfavored and discouraged." E.D. Va. Loc. Civ. R. 5(C). The Fourth Circuit has held that prior to sealing documents, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.2d at 235-36; *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)).

## III. ANALYSIS

Here, the documents at issue do not relate to trial motions or dispositive motions. Thus, the Court will consider the *Ashcraft* factors in conjunction with the public's common law right to access judicial records. *See Level 3 Communs., LLC v. Limelight Networks, Inc.,* 611 F. Supp. 2d 572, 579 (E.D. Va. 2009). Under the first factor, the parties have provided notice to the public of the motions, and interested parties received a reasonable opportunity to object. (*See* ECF Nos. 61, 64.) Therefore, the notice requirement has been met, and the Court's analysis will focus on the remaining *Ashcraft* factors. For the reasons that follow, the Court finds that "the public's right of

access is outweighed by [Capital One's] competing interests" in keeping commercially sensitive internal business information confidential. *Ashcraft*, 218 F.3d at 302. Accordingly, it will permit sealing of the unredacted Standard, the Worksheet and Toolkit in their entirety, and an unredacted version of Plaintiffs' reply brief.

**A. <u>Capital One Compensation Policy and Program Standard</u>**

Capital One describes the Standard as an internally created document which outlines Capital One's approach to associate compensation such as its compensation philosophy, principles, pay design, and salary programs, as well as recruiting and retention strategies. (ECF Nos. 69, at 8; 69-2, ¶ 4.) Capital One contends that the Standard sets forth a tailored and sophisticated internal process that Capital One deploys to compensate and retain its associates. (ECF Nos. 69, at 8; 69-2, ¶¶ 5-6.) Capital One only seeks to seal Sections 4.4 and 5 because those portions contain particularly sensitive business information. (ECF Nos. 69, at 2 n.1; 69-1, Ex. A.) Plaintiffs, without conceding that the Standard constitutes confidential information, do not oppose Capital One's proposed redactions. (ECF Nos. 70, at 3 n.2; 72, at 3 n.2.)

Based on the information presented by Capital One and the Court's review of the Standard, the information sought to be redacted contains confidential and commercially valuable information and constitutes only a small portion of the materials overall. Specifically, the materials contain Capital One's approach to pay differentials offered to compensate individuals in specific roles and the process for adjusting salary levels. (ECF No. 69, at 8-9.) These materials are the type of proprietary, non-public, commercially sensitive information that warrants sealing. *See Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 317 (D. Md. 2014). The Court finds that the "proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the Standard], constitutes the least drastic method of shielding the information." *Adams v. Object*

*Innovation Inc.*, No. 3:11-cv-272, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011). Because the redacted sections contain confidential and proprietary business information, the unredacted version of the Standard can remain under seal because the public's right of access is outweighed by the competing interest of Capital One in maintaining the confidentiality of its sensitive business information.

**B. <u>Capital One's FLSA Worksheet Template and FLSA Toolkit</u>**

Capital One contends that the Worksheet and Toolkit constitute similar sensitive, internally developed tools meant to provide the business with guidance on FLSA exemption analysis. (ECF Nos. 69, at 9; 69-2, ¶¶ 14, 15.) Specifically, it argues that the Worksheet and Toolkit provide guidance for the FLSA's application to new and evolving roles within the company. (ECF Nos. 69, at 9; 69-2, ¶ 10.) Because many portions of these two documents are particularly tailored to Capital One's unique business structure and compensation plans and Capital One has invested significant resources into the creation of these tools, it argues that the public release of these documents would cause risk to its competitive standing and confer an unfair benefit on its competitors who could use Capital One's tools rather than invest in creating their own. (ECF Nos. 69, at 9, 11; 69-2, ¶¶ 14, 16); *see, e.g.*, *Globus Med. Inc. v. Jamison*, No. 2:22-cv-282, 2024 WL 5455857, at *3 (E.D. Va. Nov. 14, 2024) (sealing appropriate to mitigate "harm [to] a litigant's competitive standing"). Given the proprietary and sensitive nature of these documents, the Worksheet and Toolkit are accessible only to members of Capital One's Compensation team. (ECF No. 69-2, ¶ 22.) Additionally, Capital One argues that these documents have "economic value" which makes sealing appropriate. (ECF No. 69, at 12); *see BioNTech SE v. CureVac SE*, No. 2:23-cv-0222, 2024 WL 4719880, at *2 (E.D. Va. Sept. 19, 2024).

Plaintiffs dispute that these documents are tailored to Capital One and instead argue that they mostly consist of language copied from the Code of Federal Regulations, a summary of wage laws, and generic communication templates. (ECF Nos. 70, at 1-2; 72, at 1-2.) Plaintiffs further contend that Capital One cannot overcome the presumption of access because the documents are not confidential or proprietary, their disclosure will not cause the type of "economic harm" routinely protected by courts, and less drastic alternatives to sealing exist. (ECF Nos. 70, 72.)

Having reviewed the briefing relevant to the Motions to Seal, the Worksheet and Toolkit at issue, and the declaration submitted by Capital One to support the sensitive and proprietary nature of the Worksheet and Toolkit, the Court finds that sealing is warranted under the *Ashcraft* factors. Regarding the second *Ashcraft* factor, the Court has considered less drastic alternatives to sealing, including redactions. However, the redactions required to protect the proprietary information in these documents would swallow the whole. Therefore, it is appropriate to seal these exhibits in their entirety.

Regarding the third *Ashcraft* factor, the Worksheet and Toolkit contain Capital One's confidential and sensitive business information, including internal policies and procedures reflecting Capital One's complex and proprietary compensation process and exemption assessment strategy. (ECF No. 69, at 10.) While Plaintiffs contend that they appear to contain boilerplate restatements of applicable law, Capital One states that these documents were not derived from any standard or generic tool and instead were created by Capital One at its own cost and tailored to Capital One. (ECF Nos. 69-2, ¶ 14; 70, at 1-2; 72, at 1-2.) Capital One also outlines steps it takes to protect these documents from disclosure, including strictly limiting internal access of these documents to members of Capital One's Compensation team. (ECF No. 69-2, ¶ 22.) Public disclosure of these documents would diminish their value to Capital One and could give market

competitors an unfair advantage. (ECF No. 69-2, ¶ 23.) Therefore, the Court finds that the public's interest in accessing these documents is outweighed. *See, e.g.*, *Espinosa v. Trans Union, LLC*, No. 1:24-cv-143, 2025 WL 291058, at *2 (E.D. Va. Jan. 10, 2025) (sealing materials containing details of "Defendant's quality assurance mechanisms, internal policies and procedures relating to the evaluation of fraud claims, [and] internal policies and procedures used for training Defendant's personnel"); *Carlisle v. Allianz Life Ins. Co. of N. Am.,* 540 F. Supp 3d 567, 570 (E.D. Va. 2021) (finding sealing appropriate where policies were not generic and instead reflected a narrowly tailored process to retain clients such that disclosure could economically disadvantage the defendant).

## IV. CONCLUSION

For the forgoing reasons, the Court will GRANT Plaintiffs' Motion for Leave to File Exhibits to Plaintiffs' Reply in Support of Conditional Certification Under Seal (ECF No. 59) and Plaintiffs' Motion for Leave to File Plaintiffs' Original Unredacted Reply Brief in Support of Conditional Certification Under Seal (ECF No. 63). Specifically, the Court will seal an unredacted copy of the Standard, an unredacted version of Plaintiffs' reply in support of collective certification, and the entirety of the Worksheet and Toolkit. The Court will also direct Capital One to explain whether or not it seeks to maintain its Memorandum in Support of Plaintiffs' Motions to Seal (ECF No. 69) and related attachments under seal.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Summer L. Speight
United States Magistrate Judge

Richmond, Virginia
Date: September 30, 2026